J-S63024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTOPHER RYAN STORMS | |
| Appellant | No. 223 WDA 2017 |

Appeal from the Judgment of Sentence Dated January 4, 2017
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000181-2011
CP-33-CR-0000182-2011

BEFORE: BOWES, J., SOLANO, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SOLANO, J.:                **FILED NOVEMBER 15, 2017**

Appellant Christopher Ryan Storms appeals from the judgment of sentence of five to ten years' incarceration imposed after the trial court revoked his probation. Appellant's counsel has filed a petition to withdraw and an **_Anders_**[1] brief, stating that the appeal is wholly frivolous. After careful review, we affirm the judgment of sentence and grant counsel's petition to withdraw.

On May 4, 2011, Appellant pleaded guilty to one count of possession with intent to deliver a controlled substance (PWID)[2] at CP-33-CR-181-2011 and another count of PWID at CP-33-CR-182-2011. On May 9, 2011, the

---

[1] **_Anders v. California_**, 386 U.S. 738 (1967).

[2] 35 P.S. 780-113(a)(30).

trial court imposed a sentence of four years of probation for each case, to run concurrently.

On August 1, 2012, after Appellant admitted to committing numerous violations of his probation (failure to report for a hearing, traveling outside of the state without permission, using controlled substances, and being delinquent in payment of fines and costs), the trial court revoked Appellant's probation and imposed the following sentences: at 181-2011, four months to two years, less one day in the Jefferson County jail, followed by two years plus one day of probation; at 182-2011, four years of probation, concurrent to the sentence at 181-2011.

On April 21, 2014, after Appellant admitted to committing additional probation violations (failure to report, failure to report change in employment, possession of a controlled substance, and being delinquent in payment of fines and costs), the trial court again revoked Appellant's probation and imposed the following sentences: at 181-2011, two years in the State Intermediate Punishment Program, followed by three years of probation; at 182-2011, three years' probation, concurrent to the sentence at 181-2011.

While on probation after completing the State Intermediate Punishment Program, Appellant admitted to violating his probation by failing to report, changing his residence without permission, consuming alcohol, and using controlled substances. Based on these violations, on January 4,

2017, after reviewing a pre-sentence investigation report, the trial court revoked Appellant's probation and imposed a two and one-half to five year sentence of incarceration for each case, to be served consecutively, resulting in an aggregate sentence of 5-10 years. The trial court explained its sentence:

> [W]e can't keep you on the street, because [you claim to be] serious about [drug and alcohol rehabilitation], and there's nothing on the street that's helping you because you violated again.
>
> So I think the recommendation [in the presentence investigation report of two consecutive sentences of two to four years] is low because you show a complete disregard for the court. I'm going to revoke each of your probations and give you a nice long sentence because you only had another year or so to serve, two and a half to five on each one. I'm going to give you a five-to-ten year sentence, credit for all the time you've served.
>
> . . .
>
> I'm giving you a five-to-ten year sentence because you don't take anything seriously. This is to vindicate the authority of the court. . . .

N.T., 1/4/17, at 6-7.

On February 3, 2017, Appellant filed a motion for reconsideration of sentence *nunc pro tunc*. On the same day, the trial court permitted the *nunc pro tunc* filing but denied Appellant's motion. Also on the same day, Appellant filed a notice of appeal.

Appellant's counsel has now filed a petition to withdraw and an *Anders* brief with this Court. In the *Anders* brief, counsel raises one issue:

- 3 -

Whether the [t]rial [c]ourt committed an abuse of discretion when it revoked Appellant's probation/parole and re-sentenced him to serve consecutive sentences aggregating to a minimum of five (5) years to a maximum of ten (10) years in a State Correctional Institution given the circumstances of the case.

*Anders* Brief at 4.[3]

"When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010). An *Anders* brief must comply with the requirements set forth by the Supreme Court of Pennsylvania in *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009):

[W]e hold that in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 361.

Counsel seeking to withdraw on direct appeal must meet the following obligations to his or her client:

Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the

_____

[3] The Commonwealth sent a letter to this Court stating that it would not be filing a responsive brief.

client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief.

**Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks and citation omitted). "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Goodwin**, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*) (quoting **Commonwealth v. Wright**, 846 A.2d 730, 736 (Pa. Super. 2004)). Finally, "this Court must conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015) (footnote and citations omitted).

In this case, counsel provided a copy of the **Anders** brief to Appellant and advised Appellant of his right to either retain new counsel or proceed *pro se* on appeal, and to raise any issues he wished to bring to this Court's attention. Further, counsel's **Anders** brief complies with prevailing law in that counsel has provided a procedural and factual summary of the case with references to the record. **See Anders** Brief at 5-6. Appellate counsel additionally cites relevant portions of the record that arguably support Appellant's claim on appeal. **See id.** at 10. Ultimately, appellate counsel provides his reasons and conclusion that this appeal is frivolous. **See id.** at

9-11.  Counsel has therefore complied with the requirements of **Santiago** and **Orellana**, and we will address the issue raised in the **Anders** brief.

Appellant challenges the discretionary aspects of his sentence.  As this court has explained:

> A challenge to the discretionary aspects of a sentence is not appealable as of right.  Therefore, before we may exercise jurisdiction to reach the merits of Appellant's claim, we must verify that Appellant's appeal is properly before this Court – that is, that his appeal was timely filed and that the issues he seeks to raise were properly preserved.  If so, we must then determine whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence pursuant to Appellate Rule 2119(f), and whether that concise statement raises a substantial question that the sentence is appropriate under the [S]entencing [C]ode.  Only if the appeal satisfies these requirements may we proceed to decide the substantive merits of Appellant's claim.

**Commonwealth v. Luketic**, 162 A.3d 1149, 1159-60 (Pa. Super. 2017) (quotation marks, brackets, footnote, and citations omitted).

In the current case, Appellant filed a post-sentence motion seeking reconsideration of his sentence and a timely notice of appeal.  Counsel's **Anders** brief contains a concise statement of the reasons for which Appellant seeks allowance of an appeal, in compliance with Rule 2119(f) of the Rules of Appellate Procedure.  **See** Anders Brief at 7.  As counsel explains, "[t]he Superior Court has found that a substantial question is presented when a sentence of total confinement in excess of the original sentence is imposed as a result of a technical violation of parole or probation."  **Id.** (citing **Commonwealth v. Sierra**, 752 A.2d 910, 913 (Pa.

Super. 2000)). Therefore, the prerequisites for our consideration of Appellant's sentencing issue have all been met.

When faced with a discretionary sentencing claim, we apply the following standard of review:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014) (citation omitted), *appeal denied*, 117 A.3d 297 (Pa. 2015).

In its opinion, the trial court explained:

> As the record reflects, [Appellant] pled guilty to Possession with Intent to Deliver on May 4, 2011, and he has proven since then that he lacks the will and/or motivation both to refrain from the use of controlled substances and to comply with the [c]ourt's order that he abide by the standard terms of probation. Even a prior stint in prison and the rigors of the [State Intermediate Punishment Program] did not sufficiently incentivize him to stay clean and follow the rules. Accordingly, a sentence of total incarceration was appropriate to vindicate the [c]ourt's authority. **See** Sentencing Transcript, 01/04/2017, p. 6 ("So I think the recommendation is low because you show a complete disregard for the court"). The record does not support the claim that the [c]ourt abused its discretion, as the sentence was clearly a response to [Appellant's] objective conduct.
>
> For the same reasons, the sentence was not manifestly unreasonable. [Appellant], after initially being sentenced to probation only, had already served time in prison on account of his inability to control his drug habit and comply with the terms and conditions of his probation. He thus demonstrated that a

lesser sentence would not achieve the sentencing statute's punitive and rehabilitative aims.

Trial Ct. Op., 4/11/17, at 1-2. We agree with the trial court's reasoning and conclude that the trial court did not abuse its discretion. In addition, we have reviewed the certified record consistent with *Flowers*, 113 A.3d at 1250, and have discovered no additional arguably meritorious issues. Accordingly, we grant appellate counsel's petition to withdraw and affirm the trial court's judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  11/15/2017